# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| QWEST CORPORATION, a Colorado corporation, d/b/a CENTURYLINK QC<br><br>Plaintiff,<br><br>vs.<br><br>SPEEDY GONZALEZ CONSTRUCTION, INC., an Arizona corporation,<br><br>Defendant. | No. CV-16-03503-PHX-BSB<br><br>**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

The following is Plaintiff's Proposed Findings of Fact and conclusions of Law:

## FINDINGS OF FACT

1. QWEST is a telecommunication company with underground cables, conduits and related facilities validly placed at 1081 W. Guadalupe Road in Gilbert, Arizona.

2. Speedy Gonzalez called the Arizona Blue Stake Center to request that the location of its excavation at 1081 W. Guadalupe Road in Gilbert, Arizona be marked out prior to its excavation.

3. The location of Qwest's underground cable, conduit and related facilities were accurately marked out on behalf of Qwest prior to the excavation.

4. Speedy Gonzalez struck and damaged Qwest's underground cable, conduit and related facilities while operating mechanized equipment at 1081 W. Guadalupe Road in Gilbert, Arizona.

5. Speedy Gonzalez has admitted that they struck and damaged Qwest's accurately marked underground cable, conduit and related facilities at 1081 W. Guadalupe Road in Gilbert, Arizona.

6. Qwest was required to perform a temporary repair to restore service to its customers immediately after the underground cable, conduit and related facilities were damaged.

7. The temporary repairs performed by Qwest were reasonable and necessary.

8. Qwest was required to perform a permanent repair to restore the integrity of its underground telecommunication system, which required the repair and replacement of its underground cable, conduit and related facilities that were damaged by Speedy Gonzalez.

9. The permanent repair performed by Qwest was reasonable and necessary.

10. The labor hours, labor rate and labor charge incurred by Qwest in the amount of $138,742.26 for the temporary and permanent repairs was reasonable and necessary.

11. The vehicle hours, vehicle rate and vehicle charge incurred by Qwest in the amount of $79,031.21 was reasonable and necessary.

12. The contractor charge of $103,138.67 incurred by Qwest for the temporary and permanent repairs was reasonable and necessary.

13. The materials charge incurred by Qwest in the amount of $41,914.87 was reasonable and necessary.
14. The damage investigation and billing charge incurred by Qwest in the amount of $36,432.61 was reasonable and necessary.
15. The damages of $399,259.62 as reflected in the Qwest invoice were reasonable and necessary.
16. Qwest is entitled to prejudgment interest according to proof.
17. Qwest is entitled to reasonable attorney fees established according to proof.
18. Qwest is entitled to court costs according to proof.

## CONCLUSIONS OF LAW

1. Speedy Gonzalez Construction breached its duty of due care by failing to excavate in a careful and prudent manner in violation of A. R. S. section 40-360.26 and as a proximate result of its negligence is liable to Qwest for the damages suffered by Qwest in the amount of $399, 259.62 for the cost of the repair to its underground cable, conduit and related facilities.
2. Speedy Gonzalez violated the Arizona Blue Stake law by damaging Qwest's underground cable, conduit and related facilities during excavation in violation of A. R. S. 40-360.27 and as a proximate result is liable to Qwest for the damages suffered by Qwest in the amount of $399, 259.62 for the cost of the repair to its underground cable, conduit and related facilities.
3. Speedy Gonzalez committed a trespass against Qwest's underground cable, conduit and related facilities during excavation and as a proximate result is liable to Qwest for the damages suffered by Qwest in the amount

of $399, 259.62 for the cost of the repair to its underground cable, conduit and related facilities.

4. Qwest as the prevailing party is entitled to recover reasonable attorney fees according to proof pursuant to A. R. S. 40-360.27.

5. Qwest is entitled to prejudgment interest according to proof.

6. Qwest is entitled to court costs according to proof.

DATED this  day of July, 2018

MARK POLLICK, APC

/s/ Mark Pollick
Mark Pollick (CA Bar No. 67163)
*Pro Hac Vice Application Pending*
A Professional Corporation
3525 Del Mar Heights Road, #769
San Diego, California 92130
Tel:    (858) 793-7936
Fax:   (858) 724-3232
 @pollicklaw.

*Attorney for Plaintiff*
*QWEST CORPORATION*

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**CERTIFICATE OF SERVICE**

     I hereby certify that on this  day of July, 2018, I electronically lodged the foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to all CM/ECF registrants:

          Mitchell J. Resnick, Esq.
          James F. Mahoney, Esq.
          Alan Moosehekh, Esq.
          8111 E. Indian Bend Road
          Scottsdale, AZ 85250
          T:  602.456.7563
          F:  602.456.6256
          Email:  @rlattorneys.
                  @rlattorneys.